FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS S., | No. 2:26-CV-00029-SAB |
| Plaintiff, | |
| v. | **ORDER AFFIRMING THE** |
| COMMISSIONER OF SOCIAL | **DECISION OF COMMISSIONER** |
| SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision, denying his application for social security benefits. Plaintiff is represented by David Lybbert. The Commissioner is represented by David Burdett and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, Motion for Summary Judgment, ECF No. 7, and the Commissioner's Brief, ECF No. 9.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.    Jurisdiction**

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

On March 22, 2023, Plaintiff filed an application for disability insurance benefits and well as supplemental security income, alleging disability beginning October 1, 2022. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on January 20, 2025, a telephonic hearing was held.  Plaintiff participated and was represented by David Lybbert. William Weiss, vocational expert, also participated. The ALJ issued an opinion on April 14, 2025 and found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on December 15, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on January 21, 2026. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv),

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 3**

416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff stopped working in 2022. At the hearing, he testified that although he had back and hip problems, he quit because of mental health issues, including anxiety and depression. He struggled with working on teams and trying to be on a schedule. He started counseling and medications, and it has helped. He suffers from back and knee pain.

Plaintiff began working at Door Dash in October 2023. By May or June of 2024, he began making good money. He testified that at times, he had to take breaks or splits his shift when his back pain or hip pain flares up.  He also testified that by this time, his mental health was fairly well under control.

## V.  The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-30.

At step one, the ALJ found that Plaintiff did not engage in substantial activity from October 2022 to October 2023, but engaged in substantial gainful activity between November 2023 through January 2025. AR 19-20.

At step two, the ALJ identified the following severe impairments: lumbar spine degenerative disc disease and degenerative joint disease of the sacroiliac spine. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 5**

combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 22. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant is limited to occasional climbing of ladders, ropes and scaffolds.

AR 23.

At step four, the ALJ found Plaintiff was capable of performing patst relevant work as a Hydroair Balancing Technician. AR 29.

## VI.    Issues

1. Whether the ALJ properly computed Plaintiff's Substantial Gainful Activity?

2. Whether the ALJ properly evaluated Plaintiff's mental health condition?

## VII.   Discussion

Plaintiff is seeking benefits from October 2022 through January 2024.

### 1.   ALJ's Computation of Plaintiff's Substantial Gainful Activity

Plaintiff argues the ALJ erred in finding that Plaintiff has engaged in substantial gainful activity from November 2023 to January 2024. The Commissioner agrees but argues the error was harmless. Plaintiff did not file a response to the Commissioner's harmless error arguments.

The Commissioner agrees that the ALJ erred in evaluating Plaintiff's gross income, rather than deducting Plaintiff's work-related expenses, to find his net earnings from self-employment for the months of October 2023 through January 2024. The Commissioner points out that the parties agree that Plaintiff earned enough to qualify for substantial gainful activity beginning in February 2024.

The Commissioner argues the error was harmless because it did not affect the ultimate nondisability conclusion. The only period of time that was affected by the ALJ's erroneous conclusions is October 2023 through January 2024. The ALJ

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

conducted the five-step evaluation for the period of October 2022 through September 2023. It is logical to assume that Plaintiff was doing better at the end of the alleged period of disability than at the alleged onset date. Thus, the analysis of the RFC from the alleged onset date can also be applied to the four-month period from October 2023 through January 2024. Additionally, because the ALJ's analysis of Plaintiff's RFC was supported by substantial evidence, Plaintiff cannot establish disability by relying on the remaining four months of the alleged period of disability, which the parties agree closed by February 2024.

The Court finds the ALJ's error in computing the substantial gainful activity from November 2023 to January 2024 was harmless.

### 2. Plaintiff's mental health

Plaintiff argues the ALJ erred in evaluating his mental health conditions.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 7**

from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

The ALJ properly evaluated Plaintiff's mental health condition. At the time of the hearing Plaintiff testified that his mental health issues were fairly well under control with his medications. Moreover, the treatment records support the ALJ's evaluation of Plaintiff's anxiety and depression. The ALJ relied on the state agency psychological consultants who found that Plaintiff's medically determinable impairments of anxiety and depressive disorders resulted in no limitation, or no more than a mild limitation in any functional domain.

The ALJ properly noted that Dr. Genthe's 2023 opinion was not supported

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

by objective findings and observations and was internally inconsistent and thus was not persuasive. The record consistently shows Plaintiff has intact cognitive functioning, generally normal mood and affect, and a cooperative attitude and behavior.

The ALJ properly addressed the supportability and consistency factors when evaluating the 2023 opinion of Dr. Morgan. Dr. Morgan's assessment of several marked and moderate limitations was inconsistent with the overall record, which documented improvement with mental health counseling and medication. It was also not supported by findings on the mental health exam, where Plaintiff demonstrated normal through process and content, normal perception, normal memory and concentration, normal fund of knowledge, normal abstract thought, and normal insight and judgment.

**3.  Conclusion**

Substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled from October 1, 2022 to October 2023. Moreover, the failure of the ALJ to consider the time frame from November 2023 to February 2024 was harmless.

Accordingly, **IT IS HEREBY ORDERED:**

1.    For court management purposes, Plaintiff's Open Brief, Motion for Summary Judgment, ECF No. 7, is **DENIED**.

2.    For court management purposes, the Commissioner's Brief, ECF No. 9, is **GRANTED**.

3.    The decision of the Commissioner is affirmed.

//

//

//

//

//

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9

4.      Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 23rd day of July 2026.

_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10